IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SHANNON C. HORITA, | ) | CIVIL NO. 07-00357 JMS-BMK |
| | ) | |
| Plaintiff, | ) | ORDER AFFIRMING |
| | ) | MAGISTRATE JUDGE'S ORDER |
| vs. | ) | REQUIRING PLAINTIFF TO |
| | ) | PRODUCE STATEMENT OF |
| KAUAI ISLAND UTILITY | ) | MARCIA SHIMOKAWA |
| COOPERATIVE, a Hawaii | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER REQUIRING PLAINTIFF TO PRODUCE STATEMENT OF MARCIA SHIMOKAWA**

Before the court is Plaintiff Shannon C. Horita's ("Plaintiff") Appeal and Request to the District Court to Reconsider a Pretrial Matter Determined by the Magistrate Judge ("Appeal"). Plaintiff appeals Magistrate Judge Barry M. Kurren's July 3, 2008 Order Requiring Plaintiff to Produce the Statement of Marcia Shimokawa ("July 3, 2008 Order"). Upon careful consideration of the matters raised in Plaintiff's Appeal, and having reviewed the pleadings before Magistrate Judge Kurren and the parties' briefing on appeal, the court AFFIRMS Magistrate Judge Kurren's July 3, 2008 Order.

1

# I. BACKGROUND

Plaintiff sued her former employer Defendant Kauai Island Utility Cooperative ("Defendant" or "KIUC") for violations of Title VII and Hawaii Revised Statutes ("HRS") § 378-2. Before filing complaints with the Equal Employment Opportunity Commission and Hawaii Civil Rights Commission on September 21, 2006, Plaintiff's counsel asked Plaintiff to contact Marcia Shimokawa ("Shimokawa") about Shimokawa's "knowledge as to Plaintiff's potential claims against KIUC." Pl.'s Appeal 11. Shimokawa, Plaintiff's co-worker at KIUC, brought a similar action against KIUC in state court. Specifically, "Plaintiff's counsel sought to know from Shimokawa based upon her observations, whether the actions of Harry 'Dutch' Achenbach, then CEO of KIUC, toward Plaintiff appeared to be based on unlawful discrimination, or other possible reasons." *Id*. at 11-12.

At an August 18, 2006 interview with Shimokawa, Plaintiff's counsel received a statement previously written by Shimokawa, dated August 16, 2006, which had been reviewed and approved by Shimokawa's counsel. *Id.* at 12; *see also* Gerrard Decl. ¶ 11 ("Plaintiff Horita's counsel, Mr. Ikei, explained that Ms. Shimokawa had prepared the statement herself at Ms. Horita's request and that Ms. Shimokawa's attorney reviewed the document before it was turned over to

Mr. Ikei.").

In a September 12, 2007 Request for Production of Documents and Things, Defendant requested "All statements obtained from any witness Plaintiff expects will [be called] to testify in this matter." Def.'s Ex. A ¶ 35. Plaintiff's response to this request states "Documents responsive to this request are produced as Bates Nos. 000257-260," without any objection. Def.'s Ex. B at 13. On June 12, 2008, Defendant's counsel emailed a letter to Plaintiff's counsel noting gaps in the documents purportedly produced by Plaintiff, including pages numbered 000240-260. Def.'s Ex. D. Plaintiff's counsel then provided a supplemental privilege log listing documents Bates numbered 000257-260 as "Attorney Work Product. Written statement of Marcia [Shimokawa] secured during interview of Ms. Shimokawa." Def.'s Ex. F.

Defendant continued to seek production of Shimokawa's statement, and a discovery conference was held before Magistrate Judge Kurren on June 19, 2008. In a July 3, 2008 Order, Magistrate Judge Kurren ruled that the statement obtained from Shimokawa was outside the scope of the attorney work product doctrine, and ordered Plaintiff to produce the statement. Plaintiff's Appeal followed.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(a), and Local Rule ("LR") 74.1, any party may appeal to the district court any pretrial nondispositive matter determined by a magistrate judge. Such an order may be reversed by the district court judge only when it is "clearly erroneous or contrary to law." LR 74.1.

The threshold of the "clearly erroneous" test is high. *See Boskoff v. Yano*, 217 F. Supp. 2d 1077, 1083 (D. Haw. 2001) ("Under the 'clearly erroneous' standard, the lower court's ruling must be accepted unless, after reviewing the entire record, this Court is left with the definite and firm conviction that a mistake has been committed." (citation and quotation signals omitted)); *Thorp v. Kepoo*, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (stating that the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed" (citation and quotation signals omitted)); *accord United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); *Burdick v. Comm'r*, 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a

mistake has been committed.").

### III. **DISCUSSION**

Plaintiff argues that Shimokawa's statement is protected by the work product doctrine because it was created in anticipation of litigation, and for the purpose of assisting Plaintiff's counsel in determining the strengths and weaknesses of the claims against Defendant. Pl.'s Appeal 12.

> Under Federal Rule of Civil Procedure 26(b)(3)(A):
>
> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> > (i) they are otherwise discoverable under Rule 26(b)(1); and
> > (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

"The party asserting the work product privilege bears the burden of proving that the material withheld meets the standards established for material to be classified as work product." *Garcia v. City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003). "If the work product privilege is found to apply, the burden shifts and the party seeking discovery must show that substantial need of the materials exists and

that the party is unable without undue hardship to obtain the substantial equivalent of the materials by an alternative method." *Id.*

"Work-product protection applies to documents and tangible things prepared in *anticipation of litigation* or for trial by or on behalf of a party." *Heath v. F/V ZOLOTOI*, 221 F.R.D. 545, 549 (W.D. Wash. 2004) (citation and quotation signals omitted). Shimokawa's statement was not prepared by Plaintiff, Plaintiff's counsel, or a representative of Plaintiff, such as an investigator or paralegal.

Although "[n]otes and memoranda of an attorney, or an attorney's agent, from a witness interview are opinion work product entitled to almost absolute immunity," *O'Connor v. Boeing N. Am., Inc.*, 216 F.R.D. 640, 643 (C.D. Cal. 2003), such work product is not at issue here. Shimokawa's statement -- written by her and approved by her attorney -- is not the result of a witness interview, and does not contain notes or memoranda of Plaintiff's counsel.[1] In other words, Plaintiff does not seek to protect the work of her counsel, but a statement setting forth the knowledge of a third-party.

What counsel are entitled to protect is *their* work and *their*

---

[1] This type of statement differs from the witness statements procured by counsel in *Hickman v. Taylor*, 329 U.S. 495 (1947). In *Hickman*, the attorney "privately interviewed the survivors and took statements from them," and the witnesses then signed the statements sometime later. *Hickman*, 329 U.S. at 498. Unlike Shimokawa's statement, these written statements were not prepared by the witnesses, but were the result of interviews with the attorney and later signed by the witnesses.

> thoughts and *their* analysis of the case, not the knowledge possessed by third parties. It is the view of this court that a verbatim witness statement, even one solicited by counsel, is per se necessary to the full and efficient development of a case. No subsequent form of discovery can realistically take the place of a witness' prior written statement, whoever may come into possession of it.

*Dobbs v. Lamonts Apparel, Inc.*, 155 F.R.D. 650, 653 (D. Alaska 1994). *Dobbs* based its holding in part on the purpose of Rule 26(b)(3)(A), "protecting the mental impressions and legal theories of counsel." *Id.* at 651. *Dobbs* distinguishes the knowledge of a witness from the work of counsel, and addresses the practical effect of a written witness statement:

> What is qualifiably privileged is the work of counsel. What a witness "knows" is not the work of counsel. That the witness' knowledge should be discoverable on a first-hand basis, but not in the form of answers given to opposing counsel in writing, strikes the court as an example of elevating form above substance; and, as far as the qualified work product privilege is concerned, a fiction.

*Id.* at 652; *see also United States v. Nobles*, 422 U.S. 225, 238-39 (1975) ("At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case. . . . [A]ttorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorney as

well as those prepared by the attorney himself."); *Schipp v. Gen. Motors Corp.*, 457 F. Supp. 2d 917, 924 (E.D. Ark. 2006) ("Notes taken during witness interviews by [defendant's] insurer and provided to her attorney are protected by the work-product doctrine. However, any verbatim non-party witness statements are neither privileged nor work product and must be produced." (citation omitted)); *Infosystems, Inc. v. Ceridian Corp.*, 197 F.R.D. 303, 306-07 (E.D. Mich. 2000) (concluding that draft affidavits of a non-party witness are not work product because "[a]n affidavit, after all, purports to be a statement of facts within the personal knowledge of the *witness*, and not an expression of the opinion of counsel"); *Bohannon v. Honda Motor Co.*, 127 F.R.D. 536, 540 (D. Kan. 1989) ("The mere acquisition of documents from an unrelated third-party does not by itself impose upon them the status of work product. At its core, the work-product doctrine exists to shelter the attorney's preparation and analysis of the case. Even if the lawyer's synthesis of the documents were to constitute work product, the mere acquisition of such documents from a non-party does not create such a characteristic." (citations omitted)); *Young v. California*, 2007 WL 2900539, at *1 (S.D. Cal. 2007) ("Questionnaires completed by third persons are not work product. The documents at issue are the verbatim statements of witnesses. They are the factual observations of percipient witnesses, not the thoughts or

impressions of counsel." (citation omitted)).  To be clear, Defendant does not seek the production of notes or memoranda of a witness interview, or of a statement prepared by Plaintiff or Plaintiff's representative.  Rather, Shimokawa alone -- not in consultation with Plaintiff's counsel -- prepared the statement.

Further, Plaintiff has not established that an exception to the general rule applies in this case.  As one district court explained:

> It is well settled that ordinarily, the work product doctrine does not shield from discovery documents created by third-parties.  However, an exception to this general rule exists where a request is made for documents already in the possession of the requesting party, with the precise goal of learning what the opposing attorney's thinking or strategy may be.  This exception has been described as "narrow" and requires the showing of a real, rather than speculative, concern that the thought processes of counsel in relation to pending or anticipated litigation would be exposed.

*Hunter's Ridge Golf Co. v. Georgia-Pacific Corp.*, 233 F.R.D. 678, 681 (M.D. Fla. 2006) (citation and quotation signals omitted).  This narrow exception does not apply here.  There is simply no indication that Shimokawa's own statement -- prepared independently before her interview with Plaintiff's counsel -- contained clues as to the thought processes or mental impressions of Plaintiff's counsel.

### IV.  <u>CONCLUSION</u>

The July 3, 2008 Order Requiring Plaintiff to Produce the Statement of Marcia Shimokawa is not clearly erroneous or contrary to law.   Based on the

9

foregoing, the court AFFIRMS Magistrate Judge Kurren's July 3, 2008 Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 28, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Horita v. Kauai Island Utility Coop.*, Civ. No. 07-00357 JMS/BMK, Order Affirming Magistrate Judge's Order Requiring Plaintiff to Produce Statement of Marcia Shimokawa