IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SHANNON HORITA, | ) | Civ. No. 07-00357 JMS-BMK |
| | ) | |
| Plaintiff, | ) | SPECIAL MASTER'S REPORT |
| | ) | RECOMMENDING THAT |
| vs. | ) | PLAINTIFFS' OBJECTIONS TO |
| | ) | DEFENDANT'S BILL OF COSTS |
| KAUAI ISLAND UTILITY | ) | BE GRANTED IN PART AND |
| COOPERATIVE, | ) | DENIED IN PART |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

SPECIAL MASTER'S REPORT RECOMMENDING THAT PLAINTIFF'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS BE GRANTED IN PART AND DENIED IN PART

Defendant Kauai Island Utility Cooperative ("KIU") filed a bill of costs on September 19, 2008, seeking **$4,901.60** in costs from Plaintiff Shannon Horita ("Horita"). Horita raises objections to aspects of the following components of the bill of costs: fees for service of summons and subpoena, fees for deposition transcripts, and fees for witnesses. Based on a careful review of KIU's Bill of Costs and Horita's Objection, the Special Master RECOMMENDS that Horita's objections be GRANTED in part and DENIED in part.

Local Rule 54.2(f) provides that fees for service of process are taxable "to the extent that they are reasonably required and actually incurred." Horita suggests that the costs to serve Dr Boggs and Dr. Shannahan were unnecessary

because their depositions were cancelled when KUI's Motion for Summary Judgment was granted.  (Pl. Obj. 6).  However, as KUI points out, the Motion for Summary Judgment was heard only three days before the discovery deadline in the case.  (Def. Memo 3). Therefore KUI's rush to complete discovery by this date is understandable, and the fact that depositions were eventually cancelled is no proof that they were not reasonably necessary to KUI's case.  KUI's costs for service of process are taxable.

      Horita also objects to the costs of the deposition transcripts for several witnesses because "[d]efendant did not use any of these transcripts in its reply memorandum to its [Motion for Summary Judgment]." (Pl. Obj. 8).  Horita's argument is meritless.  KUI need not use the depositions in a particular motion to make the costs taxable.  The standard set forth in Local Rule 54.2(f) is that "at the time it was taken, it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery."  Horita offers no evidence that the depositions were not intended for trial preparation.  KUI's Deposition transcript costs are taxable.

      Finally, Horita objects to the witness fees for Dr. Boggs and for the Custodian of Records of Horita's former employer Crazy Shirts. Dr. Boggs deposition was cancelled when the Court granted Summary Judgment. Therefore

the $45.85 witness fee is not taxable.  Horita also contends that the witness fee for the Custodian of Records of Crazy Shirts is not taxable because Crazy Shirts is Horita's former employer.  Horita offers no other justification for this position, therefore the Court finds that the witness fee for the Custodian of Records of Crazy Shirts is taxable.

For the foregoing reasons, the Special Master RECOMMENDS that the objections be GRANTED in part and DENIED in part.  The Special Master FINDS that Horita's objections to KIU's Bill of Costs are correct as to the $45.85 witness fee payed to Dr. Boggs; on all other points the Special Master FINDS that Horita's objections are meritless.  The Special Master FINDS that KIU's costs are taxable in the amount of **$4,855.75**.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, October 8, 2008.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Horita v. Kauai Island Utility Cooperative; Civ. No. 07-00357 JMS-BMK; SPECIAL MASTER'S REPORT RECOMMENDING THAT PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS BE GRANTED IN PART AND DENIED IN PART